# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CHRISTOPHER LEE HUTCHESON**                                                           **PLAINTIFF**

**V.**                                                                          **NO. 4:09CV056-M-S**

**RONALD BINION**                                                                       **DEFENDANT**

## MEMORANDUM OPINION

Presently before the Court is the plaintiff's motion for appointment of counsel. After due consideration, the motion shall be denied.

### Motion for Counsel

There is no automatic right to counsel in a § 1983 case. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Wright v. Dallas County Sheriff's Dept.*, 660 F.2d 623, 625-26 (5th Cir. 1981). Unless there are "exceptional circumstances," a district court is not required to appoint counsel to represent indigent plaintiffs in a civil action. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *see also, Feist v. Jefferson County Commissioners Court*, 778 F.2d 250, 253 (5th Cir. 1985). There are four factors to be considered in ruling on requests for appointment of counsel:

> (1) The type and complexity of the case;
> (2) Whether the indigent is capable of adequately presenting his case;
> (3) Whether the indigent is in a position to adequately investigate the case; and,
> (4) Whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination of witnesses.

*Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982); *see also, Jackson v. Dallas Police Dept.*, 811 F.2d 260, 262 (5th Cir. 1986). The court should also consider whether the appointment of counsel would be a "service" to the defendant and the court as well as the plaintiff, since

representation by counsel may sharpen the presentation of the issues, shorten the trial, and assist the court in reaching a just determination. *Ulmer,* 691 F.2d at 213. As directed by the Fifth Circuit in *Jackson v. Dallas Police Dept.*, 811 F.2d at 262, this court should make specific findings on each of the *Ulmer* factors rather than deciding the motion in a conclusory manner.

The first factor to be considered in deciding to appoint counsel in a § 1983 case is the type and complexity of the case. Here, the plaintiff has stated an excessive force claim against Defendant Binion. Specifically, the plaintiff complains that Defendant Binion slammed his arm in a small opening through which food trays are passed in the cell door. Additionally, the plaintiff avers that Defendant Binion placed the nozel of a fire extinguisher underneath his cell door and released the contents into his cell. A thorough, liberal review and construction of the pleadings, in accordance with *Haines v. Kerner*, 404 U.S. 519 (1972), reveals that there are no complex issues to be decided.

The court must also consider whether the indigent is capable of adequately presenting his case. After a review of the file in the instant case and despite the contention that he is "unfamiliar with the law," it appears that the plaintiff is very capable of presenting the instant claim with limited assistance from the court. Since the plaintiff has stated an excessive force claim, this case is not complicated and the pleadings thus far demonstrate that he has the ability to adequately represent himself.

*Ulmer* further directs that the court inquire as to whether the indigent is in a position to adequately investigate the case. The mere fact that the plaintiff is incarcerated does not mean that he is unable to adequately investigate his case. In *Feist v. Jefferson County Commissioners Court*, *supra*, the Fifth Circuit held that an incarcerated plaintiff was able to adequately investigate his claims concerning the conditions of his confinement, and there is nothing in the plaintiff's case to indicate that he would be unable to do so.

Finally, the plaintiff should be able to effectively present his claims at trial, since the facts of this case do not call for extraordinary skills in cross-examination or the presentation of evidence. In light of the plaintiff's allegations, it is reasonable to anticipate that there will be conflicting testimony at trial, if the case reaches that stage. However, that is true of almost all cases and it has been the experience of the court that in many such cases it has tried that, following the procedures employed by this court, an adequate probing of the testimony of defense witnesses is possible, even with a *pro se* plaintiff.

As is almost always the case, this proceeding would no doubt benefit to some extent from the presence of counsel for the plaintiff. The trial would no doubt progress somewhat more expeditiously, and counsel might serve to refine and sharpen the issues. It may be safely assumed that it is preferable in any case that the parties be represented by capable and well-prepared counsel than that they proceed *pro se*. However, unless the "exceptional circumstances" rule is to be abandoned and counsel is to be appointed for all *pro se* prisoner litigants in all § 1983 cases, a course which the court is not free to take even if it wished to do so, the general desirability of counsel is not a factor which in this case requires the appointment of counsel. Therefore, the plaintiff's motion for appointment of counsel shall be denied.

A separate order in accordance with this opinion shall issue this day.

This the 8th day of February, 2010.

/s/ David Sanders
U.S. MAGISTRATE JUDGE