**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CHRISTOPHER LEE HUTCHESON**     **PLAINTIFF**

**V.**     **NO. 4:09CV056-M-S**

**RONALD BINION, et al.**     **DEFENDANTS**

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Presently before the court is the Defendant's motion for summary judgment. The Plaintiff has responded and this matter is ripe for review.

*A. Factual Background*

The Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In his complaint the Plaintiff stated a claim of excessive force against the only remaining Defendant Officer Binion. The Plaintiff argued that the Defendant used excessive force against him on January 1, 2009, in unit 32, then the State's maximum security unit.

Specifically, the Plaintiff stated that on January 1st he put his arm through the tray hole[1] in an attempt to gain the attention of guards in the hopes that he and the other inmates would get showers. His arm caught the attention of Defendant Binion who approached the Plaintiff's cell. Binion instructed the Plaintiff to put his hand back in the cell but the Plaintiff refused to comply despite two separate instructions. According to the Plaintiff, Officer Binion then repeatedly

---

[1] The tray hole is a slot in the cell door through which food trays are passed and prisoner may present their hands to officers for the purposes cuffing or restraining a prisoner before he exits the cell.

slammed the tray hole door trapping the Planitiff's arm and then administered mace.

Later that same day, the Plaintiff admitted that he set two fires outside his cell. Officers extinguished the fires. Once the fires were extinguished, the Plaintiff alleged, that Binion placed the nozzle of the extinguisher underneath his cell door and discharged its contents. At a *Spears* hearing, the Plaintiff argued that Binion tried to kill him by discharging the contents of the extinguisher in his cell and depriving him of oxygen. That evening, the Plaintiff received medical treatment for bruises to his arm and his lungs were examined for proper function after inhaling the contents of the extinguisher. A few days later the Plaintiff's arm was x-rayed and no further injury was revealed.

The Defendant has moved for summary judgment. The Defendant argued the force applied to the Plaintiff was not without provocation. Rather, mace was administered only after the non-compliant Plaintiff attempted to throw some liquid on Binion. The Defendant further offered that he was not present when the Plaintiff set fires or when the fires were extinguished by other officers. In support of his motion for summary judgment, Binion argued that the forced used was not excessive, that the Plaintiff's injuries were *de minimis*, and he is entitled to qualified immunity.

### B. Standard for Review

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is

not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

*C. Discussion*

**Excessive Force**

When reviewing an excessive force claim, courts must balance the constitutional rights of prisoners with the needs of officials to effectively use force to maintain order. *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). To establish liability on the part of defendants the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ." S*ee Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993). Not every malevolent touch gives rise to a constitutional claim of excessive force; in fact, the Eighth Amendment prohibition against "'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (citations omitted). A *de minimis* use of force, however, is insufficient to state a cognizable Eighth

3

Amendment claim. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). A single incident of force or a single blow is *de minimis* and thus does not violate the Eighth Amendment. *Id. at* 700.

In this case, the Plaintiff admittedly refused to remove his arm from the tray hole and thus refused to comply with Officer Binion's repeated orders. The Plaintiff stated that Binion began slamming the tray hole door on his arm and then sprayed him with mace. Interestingly, Defendant Binion never addresses or denies trapping or slamming the Plaintiff's arm with the door. Rather, Defendant Binon simply asserts that he administered one burst of mace out of self-defense because, with one arm, the Plaintiff reached for some object or liquid inside his cell. Medical records indicate the Plaintiff suffered severe bruising over a substantial portion of his left arm and shoulder area. An x-ray revealed no further damage. The Plaintiff's bruising was consistent with being trapped or slammed in the tray hole door.

There are clearly genuine issues of material fact which cannot be resolved by summary judgment. F.R.Civ.P. 56. The court has the discretion, which it should exercise here, to allow the plaintiff's claims to proceed to trial. *See, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("Neither do we suggest ... that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial."). Whether or not the force used to subdue the Plaintiff and gain his compliance is a question of fact that will require a jury's consideration. The Defendant has failed to demonstrate the absence of a material fact. Accordingly, the motion for summary judgment (docket entry 51) shall be denied.

An evidentiary hearing will be set by further order of the court.

This the 25th day of August, 2010.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**